**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RUSTY WRIGHT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:26-cv-01805** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNIVERSITY OF ILLINOIS,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

## <u>COMPLAINT</u>

Plaintiff, Rusty Wright ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against University of Illinois ("Defendant"), and in support states as follows:

## <u>NATURE OF PLAINTIFF'S CLAIMS</u>

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended, ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

2. This lawsuit further arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") seeking redress for Defendant's interference with Plaintiff's FMLA rights.

## <u>JURISDICTION AND VENUE</u>

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action

is authorized and instituted pursuant to 42 U.S.C. § 12101 et seq.

4.     Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5.     All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. have occurred or been complied with.

6.     A charge of employment discrimination on basis of disability and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") (Attached hereto as Exhibit "A").

7.     Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

8.     Plaintiff is a natural person, over 18-years-of-age, who at all times relevant to the allegations in this Complaint resided in Cook County, Illinois.

9.     Defendant, whose address is 1341 South Morgan Street, Chicago, Illinois 60608, is a non-profit institution specializing in higher education that at all times material to the allegations in this Complaint was doing business in and for Cook County, Illinois.

10.     Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4) and was an "eligible employee" as defined by the FMLA, 29 U.S.C.

§2611(2)(A).

11.     During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA and the FMLA 29 U.S.C. §2611(4), and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

12.     Plaintiff has been employed by Defendant in various departments since on or about May 19, 2019.

13.     Plaintiff has physical impairments that substantially limit major life activities.

14.     Specifically, Plaintiff suffers from long COVID, rheumatoid arthritis, and lupus, which developed as a result of contracting COVID-19 in March 2020.

15.     These conditions have caused chronic symptoms, including fatigue, neurocognitive impairment, palpitations, elevated heart rate, and hypertension.

16.     Plaintiff's disability can cause symptoms, including but not limited to severe fatigue, cognitive impairment, palpitations, elevated heart rate, hypertension, and physical limitations such as the inability to perform tasks that require heavy physical exertion, such as driving and long periods of standing.

17.     Plaintiff's disability can substantially limit major life activities such as walking, concentrating, and performing physical tasks.

18.     Regardless of Plaintiff's disability, he was qualified to perform the essential functions of his job, with or without reasonable accommodation.

19.     Plaintiff is a "qualified individual" as defined under the ADA.

20. After Plaintiff's COVID-19 diagnosis, he was hospitalized for two days, and returned to work in April 2020, but continued to experience severe symptoms of long COVID.

21. In late 2020, Plaintiff was transferred to the Parking Enforcement Department without being included in the decision-making process.

22. While Plaintiff performed the ticketing role in Parking Enforcement without any performance or attendance issues, his conditions worsened, so he filed a Workers' Compensation claim that was accepted on August 11, 2020, which is still ongoing.

23. In October 2023, Plaintiff submitted a formal request for reasonable accommodations to the Office of Access and Equity (OAE), asking for a permanent adjustment to current job duties, including working first shift, light duty, frequent breaks, use of personal vehicle for inter-campus travel, and occasional schedule modifications.

24. Despite the request, Defendant failed to engage in the interactive process required by law, and Plaintiff's request was not addressed in a timely or meaningful manner until April 2024, when the accommodations were finally granted, allowing Plaintiff to maintain a 6:30 AM to 3:00 PM schedule and use his personal vehicle for inter-campus travel.

25. On or about October 1, 2025, Plaintiff was informed by Director of HR Operations LaDonna Hudson, along with two other employees who also had accommodations, that the Parking Enforcement Department "no longer needed us," and that Plaintiff's "discretionary accommodations" would be terminated in two weeks.

26. Plaintiff was instructed to apply for ADA accommodations and was told that he would need to return to his original position as a Heavy Driver, despite being medically restricted from driving.

4

27. The termination of Plaintiff's accommodations in October 2025 occurred after Plaintiff's formal requests for reasonable accommodations were submitted and was in response to Plaintiff's disability, exacerbating his symptoms and impacting his ability to work in the Heavy Driver position.

28. On or about October 2, 2025, Plaintiff followed up with Hudson, requesting clarification and written documentation regarding the abrupt termination of accommodations.

29. Despite this request, Plaintiff was told that if he continued to use his personal vehicle, disciplinary action or termination would follow.

30. On or about October 31, 2025, Hudson informed Plaintiff that Parking Enforcement had decided to end Plaintiff's accommodation.

31. Defendant did not acknowledge their duty to engage in an interactive process to provide reasonable or alternative accommodations.

32. On November 5, 2025, Plaintiff filed an ethics complaint about the lack of a meaningful interactive process, and the revocation of accommodations.

33. Plaintiff's formal complaint about the revocation of his accommodations was submitted to the OAE on November 9, 2025.

34. On or about November 7, 2025, Plaintiff received a letter from the Office of the Vice Chancellor for Administrative Services (OVCAS) claiming no record of work restrictions and instructing Plaintiff to return to his Heavy Driver position on November 10, 2025.

35. This claim was factually incorrect, as Defendant had originally transferred Plaintiff to the Parking Enforcement department due to medical restrictions.

36. This action further exemplifies Defendant's failure to accommodate Plaintiff.

37. On or about November 17, 2025, when Plaintiff reported to the Transportation Department as instructed, Defendant's Department of Transportation Administration Representative, Eric Phillips, told Plaintiff that no work was available, and the department could not accommodate Plaintiff's restrictions, despite updated medical documentation confirming Plaintiff's light-duty restriction.

38. On or about November 20, 2025, Plaintiff's former Parking Enforcement position was posted online by Defendant as available, contradicting the statements made by HR regarding the need to terminate Plaintiff's accommodation and return Plaintiff to a position he was unable to perform due to medical restrictions.

39. On or about November 24, 2025, Plaintiff attended a meeting with Hudson, Associate Vice Chancellor Jeff Kulik, OAE ADA Coordinator Peter Berg, Executive Director of Facilities Management Clarence Bridges, and OAE Executive Administrative Assistant Denise Cortes, where Plaintiff was informed that his accommodation would remain revoked and that no work was available within the department, despite the open job postings.

40. The meeting failed to provide any reasonable accommodation or alternatives and did not acknowledge the duty to engage in a meaningful interactive process.

41. Ultimately, Defendant's failure to engage in the required interactive process, its refusal to consider reasonable accommodations, and the forced termination of Plaintiff's accommodations led to Plaintiff being subjected to unlawful retaliation for requesting accommodations.

42. Plaintiff can show that he engaged in statutorily protected activity, a necessary component of his retaliation claim, because Plaintiff requested reasonable accommodations and made complaints about disability-based discrimination and failure to accommodate, which

6

Defendant retaliated against by refusing to provide accommodations and ultimately terminating him from the workplace.

## COUNT I
### Violations of the Americans with Disabilities Act
### (Disability-Based Discrimination)

43.     Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

44.     By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

45.     Plaintiff met or exceeded performance expectations.

46.     Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

47.     Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

48.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

49.     Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

50.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

51.     As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of Americans with Disabilities Act

7

**(Disability-Based Harassment)**

52.     Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

53.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

54.     Defendant knew or should have known of the harassment.

55.     The disability-based harassment was severe or pervasive.

56.     The disability-based harassment was offensive subjectively and objectively.

57.     Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

58.     Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

59.     As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT III
**Violation of Americans with Disabilities Act
(Failure to Accommodate)**

60.     Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

61.     By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

62.     Plaintiff is a qualified individual with a disability.

63.     Defendant was aware of the disability and the need for accommodations.

8

64. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

65. Plaintiff's reasonable accommodations that were requested was not an undue burden on the Defendant.

66. Defendant did not accommodate Plaintiff's disability.

67. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

68. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

69. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT IV
### Violation of Americans with Disabilities Act
### (Retaliation)

70. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

71. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

72. During Plaintiff's employment with Defendant, Plaintiff requested and utilized approved reasonable accommodations.

73. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

74. In response to Plaintiff's complaint, Defendant failed to conduct a thorough and objective investigation of Plaintiff's complaint of disability-based discrimination.

75. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory or harassing conduct complained of by Plaintiff.

76. By virtue of the foregoing, Defendant retaliated against Plaintiff based on Plaintiff requesting accommodations and utilizing approved accommodations, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.

77. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity.

78. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

79. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT V
### Violation of the Family and Medical Leave Act
### (FMLA Interference)

80. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

81. In or around March 2020, Plaintiff was eligible for FMLA leave.

82. At all times material, Plaintiff gave proper notice to his employer by informing them of his reason for needing medical leave.

83. Defendant controlled Plaintiff's work schedule and conditions of employment.

84. Plaintiff provided enough information for his employer to know that his potential leave may be covered by the FMLA.

85. Despite Plaintiff's FMLA eligibility, Defendant failed to notify Plaintiff of his eligibility status and rights under the FMLA and failed to notify Plaintiff whether his leave was or

could be designated as FMLA leave.

86.     When Defendant failed to notify Plaintiff of his eligibility status and rights under the FMLA and failed to notify Plaintiff whether the requested leave was or could be designated as FMLA leave, Defendant interfered with Plaintiff's rights under the FMLA.

87.     Despite Plaintiff's FMLA eligibility, Defendant unlawfully denied Plaintiff's use of his FMLA rights.

88.     Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

89.     As a direct and proximate result of the interference described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

a.      Back pay with interest;

b.      Payment of interest on all back pay recoverable;

c.      Front pay;

d.      Loss of benefits;

e.      Compensatory and punitive damages;

f.      Liquidated damages;

g.      Reasonable attorneys' fees and costs;

h.      Award pre-judgment interest if applicable; and

i.      Award Plaintiff any and all other such relief as the Court deems just and

11

proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 18th day of February 2026.

/s/*Travis P. Lampert*
**Travis P. Lampert, Esq.**
**Sulaiman Law Group, Ltd.**
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 581-5456
tlampert@atlaslawcenter.com
*Counsel for Plaintiff*

*/s/ Yousef J. Ahmad*
**Yousef J. Ahmad, Esq.**
**Sulaiman Law Group, Ltd.**
2500 South Highland Avenue, Suite 2000
Lombard, Illinois 60148
630-575-8188
yahmad@atlaslawcenter.com
*Counsel for Plaintiff*